RECEIVED

AUG 2 5 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ALFRED MCZEAL, SR., ET AL. | CIVIL ACTION NO. 11-1291 |
| VERSUS | JUDGE DOHERTY |
| PAUL N. DEBAILLON | MAGISTRATE JUDGE HANNA |

## RULING AND ORDER

Before this Court is the Motion to Dismiss Bankruptcy Appeal [Doc. 4] filed by the defendant in this matter, Paul N. DeBaillon, Trustee. In his motion, Mr. DeBaillon seeks to dismiss, pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure, the instant bankruptcy appeal, on grounds the appellants, Alfred McZeal, Sr. and Alfred McZeal, Jr., did not timely file their brief in support of appeal. The deadline for the aforementioned filing was July 27, 2011.

Rule 8001(a) of the Federal Bankruptcy Rules[1] permits a district court to dismiss an appeal

---

[1] Rule 8001(a) states:

> a) Appeal as of right; how taken
>
> An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by 28 U.S.C. § 158(a)(1) or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. *An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.* The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

Fed. R. Bankr. P. 8001(a) (emphasis added).

if the appellant fails to follow the procedural rules related to the appeal. An appellant is required to file and serve a brief within fourteen (14) days after the appeal is docketed pursuant to Rule 8009(a).[2]

At the time Mr. DeBaillon filed his motion to dismiss, the appellants had not filed the required brief, nor had they filed a motion to extend their deadline to do so. However, two days after the filing of the motion to dismiss, on August 4, 2011, the appellants filed a Motion for Extension of Time to File Brief [Doc. 6], wherein the appellants request an extension of time to file their appellate brief up to and including September 4, 2011, on grounds the appeal record has not been completed by the Clerk of the Bankruptcy Court. The motion further alleges all appeal fees have been paid, and all fees for requested transcripts have been paid. The appellants argue the transcript of the hearing held in the bankruptcy court is needed in order to complete the appellant's brief. Additionally, on August 5, 2011, the appellants filed a response to Mr. DeBaillon's motion to dismiss, seeking essentially the same relief and arguing Mr. DeBaillon's motion was urged in bad faith.

Review of the record shows that although the appellants filed a motion for extension of time to file their appeal brief, they did not do so timely. Indeed, it was known to the appellants, at the

---

[2] Rule 8009 states:

(a) Briefs

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1) The appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007.

Fed. R. Bankr. P. 8009(a)(1). Additionally, this Court's Notice of Setting Bankruptcy Appeal [Doc. 3], issued on July 12, 2011, expressly set a deadline of 14 days from the date of the notice within which to file an appeal brief.

time their brief was due on July 27, 2011, that they could not complete the briefs without the transcripts from the bankruptcy court. However, rather than seeking an extension of time within which to file that brief prior to the expiration of the deadline to do so, the appellants did nothing, prompting the motion to dismiss filed by Mr. DeBaillon. Under these circumstances, this Court can hardly conclude the filing of the motion to dismiss was in bad faith, and this Court cautions the appellants in their use of such accusatory language in future filings.

Nevertheless, in the interests of justice, this Court finds there could be good cause to grant the motion for extension of time, as appellants argue and appellees do not dispute, the appellate brief cannot be completed without reference to the bankruptcy court transcripts, which again appellants submit has not been competed by the Clerk of the Bankruptcy Court notwithstanding their request for same and all involved fees having been paid. Under these circumstances,

IT IS ORDERED that the Motion to Dismiss Bankruptcy Appeal [Doc. 4] is DENIED, and the Motion for Extension of Time to File Brief [Doc. 6] filed by the appellants is GRANTED. The appellants' appeal brief is due no later than September 4, 2011, with a courtesy copy to be delivered to chambers commensurate with filing. **Failure to timely comply with this deadline or to timely comply with any order of this Court or the Federal Bankruptcy Rules in the filing of their appeal brief may expose the appellants to sanctions, including the dismissal of their appeal.**

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___25___ day of August, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3